NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORY RAVENELL,                  :
                                   :   Civil Action No. 03-5137 (DMC)
            Petitioner,            :
                                   :
       v.                          :   **OPINION**
                                   :
ROY L. HENDRICKS, et al.,          :
                                   :
            Respondents.           :

**APPEARANCES:**

    GREGORY RAVENELL, Petitioner Pro Se
    #249100/582990B
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    SUSAN B. GYSS, ESQ.
    OFFICE OF THE HUDSON COUNTY PROSECUTOR
    595 Newark Avenue
    Jersey City, New Jersey 07306
    Counsel for Respondents

**CAVANAUGH**, District Judge

    This matter is before the Court on Petitioner Gregory Ravenell's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d).

I.   BACKGROUND

Petitioner, Gregory Ravenell ("Ravenell"), filed a petition for habeas corpus relief on or about September 15, 2003.[1]  On August 13, 2004,[2] the Court directed respondents to answer the petition, and the respondents filed an answer, with affirmative defenses, and pertinent part of the state court record.  The respondents answered the petition on October 18, 2004, raising an affirmative defense that the petition is time-barred pursuant to 28 U.S.C. § 2244(d).  Ravenell filed a brief in reply on November 12, 2004.

The following facts are taken from the petition and traverse, the respondents' answer, and the state court record.

Ravenell pled guilty to felony murder on November 5, 1992, but later filed a motion to withdraw his plea and to be relieved

---

[1] The habeas petition was not received by the Court until September 19, 2003.  However, giving Ravenell the benefit of all inferences related to the date he filed his petition, the Court finds that Ravenell "filed" his petition on the date he handed it to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Ravenell handed his complaint to prison officials for mailing, it will use the date on which he signed his petition, which was September 15, 2003.

[2] Ravenell did not submit his application to proceed in forma pauperis until August 13, 2004, eight months after the Court had entered an Order, on December 18, 2003, directing that petitioner either pay the filing fee or submit an application to proceed in forma pauperis.

2

of assigned counsel from the Public Defender's Office. On December 18, 1992, the Honorable Patricia Costello, J.S.C. denied Ravenell's requests and sentenced him to a thirty year prison term without parole.

Ravenell filed a notice of appeal on March 1, 1993. On June 24, 1993, the New Jersey Appellate Division affirmed the denial of petitioner's motion to withdraw his guilty plea as well as the sentence imposed. Ravenell filed a petition for certification with the Supreme Court of New Jersey, which was dismissed for lack of prosecution on November 3, 1993. On November 11, 1993, Ravenell filed a motion for reconsideration of the petition for certification, which was again dismissed by the Supreme Court of New Jersey for lack of prosecution on May 26, 1994.

On June 16, 1994, Ravenell filed a motion for post-conviction relief ("PCR") with the state court. He was assigned counsel and received a seven-day evidentiary hearing before the Honorable Severiano Lisboa, III, J.S.C. By letter opinion dated May 30, 1996, the state PCR court denied Ravenell's PCR petition on the merits.[3] (Ra 200-228).[4] Ravenell's appointed counsel filed a notice of appeal, and the Appellate Division affirmed the

---

[3] While the first state PCR proceedings were pending, Ravenell filed a civil rights complaint in federal court, which was construed as a petition for federal habeas relief under 28 U.S.C. § 2254, and dismissed as unexhausted. (Ra 181-199).

[4] "Ra" refer to the respondents' appendix filed with their answer to the petition.

PCR denial on February 16, 1999. The N.J. Supreme Court denied certification on April 29, 1999.

Ravenell filed a second state PCR petition on January 14, 2000. The Honorable Lawrence P. DeBello, J.S.C. denied relief, pursuant to New Jersey Court Rule 3:22-5, because the same issues raised in the second PCR petition had been adjudicated on the merits on direct appeal. (Ra 419-424). On February 28, 2001, Ravenell appealed from denial of his second PCR petition. The Appellate Division affirmed the trial court's denial of Ravenell's second PCR petition, on May 14, 2002, finding the petition barred under New Jersey Court Rules 3:22-5 and 3:22-12. (Ra 505-506). The New Jersey Supreme Court denied certification on September 23, 2002.

Ravenell filed this federal habeas petition on September 15, 2003.

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

5

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).[6]  However, the

---

of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

   [6]  Equitable tolling applies:

   only when the principles of equity would make the rigid application of a limitation period unfair. Generally,

one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if

---

> this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Ravenell was convicted in December 1992, but his judgment of conviction did not become final, pursuant to 28 U.S.C. § 2244(d)(1), at the latest until August 26, 1994, 90 days after denial of certification on direct appeal before the New Jersey Supreme Court (i.e., the expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court) on May 26, 1994. See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13. Thus, Ravenell's state court conviction now under attack became final well before the enactment of AEDPA on April 24, 1996 and the one-year grace period. Ravenell had one year from April 24, 1996, or

9

until April 24, 1997, to bring his federal habeas petition under § 2254.

However, the Court finds that there was statutory tolling of the limitations period under § 2244(d)(2) before April 24, 1997 because Ravenell had filed his first state PCR petition on about June 16, 1994, which remained pending in state court until April 29, 1999, when the New Jersey Supreme Court denied certification from the Appellate Division's denial of Ravenell's first state PCR petition. Thus, Ravenell's limitation period began to run from April 29, 1999 until January 14, 2000 (for exactly 260 days) when Ravenell filed his second state PCR petition, which again started to toll the limitations period under § 2244(d)(2). The limitations period did not begin to run again until September 23, 2002, when the New Jersey Supreme Court denied certification on Ravenell's appeal from denial of his second state PCR petition. Ravenell had only 105 days (*i.e.*, one year or 365 days minus the 260 days which had already run) from September 23, 2002, or until January 6, 2003, to file his federal § 2254 petition. See Stokes, 247 F.3d at 542 (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244 (d)(2)"). Ravenell did not file his § 2254

habeas petition until September 15, 2003, more than nine months after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)). Consequently, Ravenell's federal habeas petition is time-barred.

Moreover, Ravenell offers no excuses, extraordinary or otherwise, for equitable tolling.[7] At best, it appears that Ravenell may have miscalculated the statutory period when he failed to count the time his limitations period began to run after denial of his first state PCR petition became final and before he filed his second state PCR petition, which again tolled the limitations period. Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244. Ravenell also may have been ignorant of the fact that the limitations period began to run again at the conclusion of his first state PCR petition. However, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60. Accordingly, Ravenell does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

---

[7] Ravenell filed a traverse to the respondents' answer, but did not raise any arguments opposing the respondents' affirmative defense that the petition was time-barred. Rather, petitioner asserted that all of the claims raised in his federal habeas petition were fully exhausted in state court.

Therefore, because Ravenell failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254. Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

## IV. EXHAUSTION ANALYSIS

Respondents also argue that several of Ravenell's habeas claims are unexhausted, or procedurally defaulted. Ravenell disputes this contention in his traverse.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in

collateral post-conviction proceedings.  <u>See</u>, <u>e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); <u>Ross v. Petsock</u>, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254© ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Castille v. Peoples</u>, 489 U.S. 346, 350 (1989).

Here, Ravenell contends that he raised all of his habeas claims in his state court proceedings.  It appears from review of the record that each of the claims actually asserted by Ravenell hereto, were in fact raised in his two state court PCR proceedings.[8]  On appeal from denial of post-conviction relief,

---

[8] Ravenell asserts four claims in his petition: (1) defective indictment; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; and (4) an unknowing and involuntary guilty plea.  All of these claims were addressed in Ravenell's two state PCR petitions and supplemental pleadings.  The Appellate Division acknowledged these claims in the opinions issued on February 16, 1999 (first PCR petition) and May 14, 2002 (second PCR petition).  (Ra 337-338; Ra 505-506).

in both proceedings, the Appellate Division expressly found that the claims were without merit. In particular, as to the first PCR petition, the appellate court noted each claim, and found them to be generally without merit. However, the court substantively addressed only the ineffective assistance of counsel and involuntary plea claims at length. (Ra 335-340). As to the second PCR petition, again the Appellate Division listed each claim raised by Ravenell, finding the ineffective assistance of counsel and defective indictment claims to be procedurally barred under New Jersey Court Rules 3:22-5 (having been raised and adjudicated in earlier proceedings) and 3:22-12 (beyond the 5-year time bar for filing PCR petitions). The Court, however, expressly found the claims related to prosecutorial misconduct to be "clearly without merit". (Ra 505-506).

Thus, it appears that all of petitioner's habeas claims were presented and exhausted in state court. Even if state remedies with respect to a particular claim have been exhausted, a federal court still may refuse to consider that claim if it has been procedurally barred in a state judicial proceeding under the doctrine of procedural default. See Harris v. Reed, 489 U.S. 255 (1989); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004); Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992). However, any procedural default must rest on "adequate and independent" state law grounds. Harris, 489 U.S. at 262; Wainwright v. Sykes, 433

15

U.S. 72, 86-87 (1977). This means that the state court must have explicitly rested its decision to bar specific claims on a particular state procedural rule. See Vasquez v. Morton, 1997 WL 452296, *3 (D.N.J. July 17, 1997).

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. See, e.g., Doctor[ v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)]. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). To establish cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Coleman v. Thompson, 501 U.S. at 753. To establish a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, McCleskey v. Zant, 499 U.S. 467, 494 (1991), typically by presenting new evidence of innocence, Schlup v. Delo, 513 U.S. 298, 316 (1995). See also O'Sullivan v. Boerckel, 526 U.S. at 854. In order to demonstrate actual innocence, Ravenell must present new, clear and convincing evidence of his innocence. Schlup, 513 U.S. at 316-17.

Here, Ravenell has failed to make any showing of cause, prejudice, or actual innocence to excuse a procedural default. Thus, his habeas claims would be dismissible under the doctrine of procedural default. Nevertheless, to the extent that the state PCR courts found each of these claims to be without substance or merit, and not solely barred under the procedural Rules 3:22-5 and 3:22-12, as mentioned above, this Court concludes that the claims were indeed exhausted, but nonetheless are dismissed as time-barred, for the reasons set forth in this Opinion, <u>supra</u>.

V. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253©, unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

17

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is time-barred under 28 U.S.C. § 2244(d).

V. CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

DENNIS M. CAVANAUGH
United States District Judge

DATED: 8/31/05